Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>V.<br><br>JOSHUA MORALES MARTY<br><br>Peticionario | KLCE202400837 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. ISCI202400149 (402)<br><br>Sobre: REBAJA DE FIANZA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de octubre de 2024.

Por hechos alegadamente ocurridos en mayo de 2024 y 7 de junio de 2024, contra el peticionario se presentaron varias denuncias. Se le imputaron dos infracciones al Art. 3.1 de la Ley para la Prevención e Intervención con la Violencia Doméstica[1], Ley Núm. 54 de 15 de agosto de 1989, según enmendada; Arts. 6.5[2], 6.06[3] y 6.14 B[4] de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168 de 11 de diciembre de 2019, según enmendada. El 11 de junio del año en curso se determinó causa probable y se le impusieron las siguientes fianzas y condiciones. Por cada violación al Art. 3.1 de la Ley 54 se le impuso cien mil dólares ($100,000.00) y, cincuenta mil dólares ($50,000.00) por cada violación a la Ley de Armas para un total de trescientos cincuenta mil dólares ($350,000.00).

Inconforme con el monto de la misma, el imputado, aquí peticionario, solicitó la celebración de una vista de rebaja de fianza. El foro recurrido celebró la misma el 24 de junio de 2024. A esta compareció, el acusado

---

[1] Artículo 3.1 — Maltrato. (8 LPRA § 631).
[2] Artículo 6.05. — Portación, Transportación o Uso de Armas de Fuego sin Licencia. (25 LPRA § 466d).
[3] Artículo 6.06. — Portación y Uso de Armas Blancas. (25 LPRA § 466e).
[4] Artículo 6.14. — Disparar o Apuntar Armas de Fuego. (25 L.P.R.A. § 466m).

Número Identificador

RES2024_____

asistido por la Sociedad para la Asistencia Legal; el Ministerio Público y la señora madre del acusado, Rosamie Marty Santiago.

Luego de la celebración de la vista evidenciaria de rebaja de fianza, el foro recurrido concluyó y citamos:

> Habiendo evaluado detenidamente tanto el informe presentado por el Programa de Servicios con Antelación a Juicio (PSAJ), el testimonio de la Sra. Rosamie Marty Santiago, en atención a las circunstancias personales del acusado y la naturaleza de los hechos alegados en la denuncia, el Tribunal determina que las fianzas son razonables por lo cual declara NO HA LUGAR la solicitud sobre Rebaja de Fianza. ...

Inconforme con la determinación, el peticionario oportunamente presentó el recurso de certiorari que nos ocupa, en el cual presenta el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE INSTANCIA AL DETERMINAR QUE LAS FIANZAS IMPUESTAS ERAN UNAS RAZONABLES DECLARANDO NO HA LUGAR LA SOLICITUD DE REBAJA DE FIANZA. ESTA DETERMINACIÓN VA EN CONTRA DEL DERECHO A LA PRESUNCIÓN DE INOCENCIA DEL PETICIONARIO Y LA IMPOSICIÓN DE FIANZAS EXCESIVAS.

Pendiente de perfeccionamiento del recurso mediante la presentación del alegato en oposición, ha comparecido el Procurador General, en nombre del Pueblo de Puerto Rico. En su escrito titulado *Moción informativa* comunica a este foro que, el 29 de agosto, el Ministerio Público y el peticionario, señor Joshua Morales Marty, llegaron a un acuerdo de culpabilidad que incluyó una rebaja de fianza, por lo que el recurso se ha tornado académico.

El 8 de octubre de 2024, el peticionario presentó *Moción de desistimiento,* donde informa que se dictó sentencia en los casos ISCR202400844-00848 el 24 de septiembre de 2024 para cumplir la misma en probatoria y se ordenó la excarcelación del acusado. Mediante dicha moción, desiste del recurso instado ante nos.

Habiendo la parte promovente del recurso presentado aviso de desistimiento, la controversia presentada ante nuestra consideración se ha tornado académica, por lo que ordenamos su desestimación de conformidad con la Regla 83(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones